**SIGNED this 27 day of August, 2007.**

/s/ Marcia P. Parsons
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

In re

LIBERTY FIBERS CORPORATION  |  No. 05-53874
f/k/a SILVA ACQUISITION CORP.,  |  Chapter 7

Debtor.

### **M E M O R A N D U M**

APPEARANCES:

Tyler C. Huskey, Esq.  
Gentry, Tipton & McLemore, PC  
Post Office Box 1990  
Knoxville, TN 37901-1990  
*Counsel for Liberty Fibers Corp.*  
*f/k/a Silva Acquisition Corp.*

D. Bruce Shine, Esq.  
Shine & Mason  
433 East Center Street, Suite 201  
Kingsport, TN 37660-4858  
*Counsel for United Food & Commercial*  
*Workers International Union, AFL-CIO,*  
*CLC and its Subordinate Local Union 815T*

**MARCIA PHILLIPS PARSONS**
**UNITED STATES BANKRUPTCY JUDGE**

This chapter 7 case is before the court on motions to designate certain pre-petition obligations of the debtor pursuant to a collective bargaining agreement as administrative expenses. For the reasons stated hereafter, the motions of the United Food and Commercial Workers

International Union and its subordinate Local Union 815T ("UFCW") will be denied. This is a core proceeding. *See* 28 U.S.C.§ 157(b)(2)(A).

I.

Liberty Fibers Corporation ("Liberty Fibers") filed its chapter 11 bankruptcy petition on September 29, 2005. On November 21, 2005, the case was converted to chapter 7. Maurice K. Guinn is the chapter 7 trustee for Liberty Fibers ("Trustee").

On February 28, 2006, as amended on March 17, 2006, the UFCW filed two motions to designate the debtor's pre-petition obligations for vacation pay and health insurance benefits as chapter 11 administrative expenses.[1] These obligations concern approximately 125 employees of Liberty Fibers who obtained healthcare services and approximately 234 hourly employees who became entitled to certain vacation benefits prior to the bankruptcy filing pursuant to a collective bargaining agreement ("CBA").[2]

The hearing on the motions was continued by agreement between the parties on at least four occasions because it was unknown whether the estate would have funds available to pay the UFCW claims even if the court granted the motions. The Trustee has advised that he is not presently holding funds sufficient to pay the claims in full if the UFCW motions were granted, but that the estate does include preference recoveries which will be free and clear of lien claims of LaSalle Business Credit, LLC. The Trustee also anticipates receiving other unencumbered funds.

On May 14, 2007, an order was entered directing the Trustee to file a brief on or before May 29, 2007 in response to the UFCW's memorandum of law filed on February 28, 2006. The Trustee timely filed his response on May 29, 2007, and the UFCW subsequently filed its memorandum in

---

[1] The UFCW estimates that the amount of the unpaid healthcare obligations is $165,496.12, with individual claims ranging from less than one hundred dollars to thousands of dollars. Further, the UFCW states that Liberty Fibers owes employees unpaid vacation pay in the amount of $574,730.32.

[2] The parties stipulated that Liberty Fibers and the UFCW were signatories to the CBA commencing on January 15, 2005.

2

opposition to the Trustee's response on June 7, 2007.

II.

The Bankruptcy Code grants priority to select administrative expenses, in part, "to encourage the provision of goods and services to the estate, and to compensate those who expend new resources attempting to rehabilitate the estate." *In re Pulaski Highway Express, Inc.*, 57 B.R. 502, 505 (Bankr. M.D. Tenn. 1986) (citing *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984)). Pursuant to 11 U.S.C. § 503(b)(1)(A), "the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case" are allowed administrative expenses. In this regard, the Sixth Circuit Court of Appeals has applied the well-accepted "benefit to the estate" test. *See Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman, Inc.)*, 126 F.3d 811 (6th Cir. 1997). Under the benefit to the estate test, a debt qualifies as an actual and necessary administrative expense only if "(1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate."[3] *Id*. at 816 (citing *Employee Transfer Corp. v. Grigsby ( In re White Motor Corp.)*, 831 F.2d 106, 110 (6th Cir. 1987) (citations omitted)). The benefit to the estate test limits administrative claims to those where the consideration for the claim was received during the post-petition period. *Id*.

Notwithstanding this limitation, the UFCW seeks administrative expense status pursuant to 11 U.S.C. § 1113(f) for the debtor's unpaid pre-petition obligations for health insurance and vacation benefits. Section 1113(f) states that "[n]o provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section." In *In re Unimet Corp.*, 842 F.2d 879 (6th Cir.

---

[3] The claimant has the burden of demonstrating entitlement to an administrative expense priority by a preponderance of the evidence. *In re HNRC Dissolution Co.*, 343 B.R. 839, 843 (Bankr. E.D. Ky. 2006). In addition, "[t]he claimant must demonstrate that the benefit is more than a speculative or potential benefit." *Id*. (citing *In re Kmart Corp.*, 290 B.R. 614, 621 (Bankr. N.D. Ill. 2003)). "A debt is not entitled to administrative expense priority treatment simply because the right to payment arises post-petition; the claimant must demonstrate the benefit that inured to the estate." *Id*. (citing *In re Highland Group, Inc.*, 136 B.R. 475 (Bankr. N.D. Ohio 1992); *In re Amarex*, 853 F.2d 1526, 1530 (10th Cir. 1988)).

1988), the Sixth Circuit Court of Appeals held that § 1113(f) created an exception to the requirement that consideration for an administrative expense claim be received post-petition. In *Unimet*, a chapter 11 debtor-in-possession employer filed an application to pay as administrative expenses certain insurance premiums for retiree benefits pursuant to the terms of a collective bargaining agreement. *Id*. at 880. Subsequent to the filing of the application, however, the debtor argued that payment of the retiree insurance premiums could not be characterized as administrative expenses because they neither arose post-petition nor benefitted the bankruptcy estate. *Id*. In response, the employees argued that § 1113(f) requires an employer to comply with all the provisions of a collective bargaining agreement unless and until rejection in accordance with § 1113 is permitted by the court. *Id*. The court of appeals agreed, concluding that "section 1113 unequivocally prohibits the employer from *unilaterally* modifying *any provision* of the collective bargaining agreement," and the debtor "cannot escape its obligations . . . merely because the requirements of section 503 arguably have not been satisfied." *Id*. at 884.

In accordance with *Unimet*, this court held in a memorandum opinion entered in the chapter 11 case of *In re Intercontinental Polymers, Inc.*, No. 03-23736 (Bankr. E.D. Tenn. August 6, 2004), that the debtor's unpaid pre-petition obligations for employees' health insurance and vacation must be accorded administrative expense status. Based on this precedent, the UFCW argues in the case herein that the CBA obligations of the debtor are similarly entitled to be paid as administrative expenses. In response, the Trustee argues that § 1113(f) does not apply in chapter 7 cases and, therefore, the *Unimet* decision is not controlling.[4] According to the Trustee:

---

[4] The Trustee alternatively asserts that *Unimet* was wrongly decided and requests that this court reject the decision in light of subsequent decisions by other appellate courts. The Trustee argues that the correct interpretation is that "section 1113 of the Bankruptcy Code only applies to the termination or modification of the collective bargaining agreement by Chapter 11 debtors and Chapter 11 trustees, but that the priority scheme of § 507 of the Bankruptcy Code nevertheless determines the payment of those claims." The Trustee cites case law from the Second Circuit, Third Circuit, Fourth Circuit, and Tenth Circuit to support the assertion that the majority of circuits have decided that § 1113 does not address the priority to be accorded to claims filed pursuant to collective bargaining agreements. *See Air Line Pilots Ass'n, Int'l v. Shugrue (In re Ionoshpere Clubs, Inc.)*, 22 F.3d 403 (2nd Cir. 1994); *In re Roth Am., Inc.*, 975 F.2d 949 (3rd Cir. 1992); *Adventure Res., Inc. v. Holland*, 137 F.3d 786 (4th Cir. 1998); *Peters v. Pikes Peak Musicians Ass'n*, 462 F.3d 1265 (10th
(continued...)

> 11 U.S.C. § 1113(a) plainly makes [§ 1113(f)] only applicable to a debtor-in-possession or a trustee "appointed under the provisions of this chapter." The reference to "this chapter" is Chapter 11 of the Bankruptcy Code. Chapter 7 trustees are appointed pursuant to section 701 of the Bankruptcy Code, whereas Chapter 11 trustees are appointed under 11 U.S.C. § 1104. Moreover, building upon subsection (a) of section 1113 of the Bankruptcy Code, 11 U.S.C. § 1113(b)(1) makes it clear that the use of the word "trustee" in this section includes only a trustee appointed under the provisions of Chapter 11 or the debtor-in-possession. Section 1113 of the Bankruptcy Code does not apply to [the Trustee], who is a trustee appointed under Chapter 7 of the Bankruptcy Code.

The Trustee maintains that because § 1113(f) only applies to a debtor-in-possession or the chapter 11 trustee, 11 U.S.C. § 365(d)(1) governs in the chapter 7 context the assumption or rejection of executory contracts such as the CBA. The Trustee reasons that because he did not seek to assume or reject the CBA within sixty days of the date of conversion to chapter 7, the CBA is deemed rejected pursuant to § 365(d)(1).[5]

After careful consideration of § 1113 and the *Unimet* decision, the court concludes that the Trustee's position is well founded. Under the statutory scheme of the Bankruptcy Code, § 1113 applies only in a chapter 11 case. *See* 11 U.S.C. § 103(g).[6] While § 1113(f) is broadly written in

---

[4](...continued)
Cir. 2006). According to the Trustee, even in cases arising under collective bargaining agreements, the majority of circuits that have decided the issue limit administrative expense priority in § 507 to claims that meet the requirements of § 503.

Notwithstanding the foregoing, this court continues to be bound by *Unimet*. The Trustee's arguments are more appropriately suited for a revisiting of the issue by the Sixth Circuit Court of Appeals. Moreover, this court notes that since its *Intercontinental Polymer* ruling, at least two more courts in this circuit have recognized *Unimet* as binding precedent in the chapter 11 context. *See Wilmington Trust, Co. v. WCI Steel, Inc. (In re WCI Steel, Inc.)*, 313 B.R. 414 (Bankr. N.D. Ohio 2004); *In re Simetco, Inc.*, 1995 WL 512187 (Bankr. N.D. Ohio Aug. 9, 1995).

[5] 11 U.S.C. § 365(d)(1) states as follows:
In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

[6] Section 103(g) provides that "[e]xcept as provided in section 901 of this title, subchapters
(continued...)

5

that it states that "no provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement," it is clear from the use of the word "trustee" in other subsections of § 1113 that trustee is a chapter 11 trustee or debtor-in-possession. *See* 11 U.S.C. § 1113(a) ("The debtor in possession, or the trustee if one has been appointed under the provisions of this chapter . . .") and § 1113(b) ("the debtor in possession or trustee (hereinafter in this section 'trustee' shall include a debtor in possession)").

This conclusion is consistent with the only published decision to address the issue. In *In re Rufener Construction, Inc.*, 53 F.3d 1064, 1067 (9th Cir. 1995), a chapter 7 case, employee trust funds sought priority status for unpaid contributions to employee benefit trusts payable under collective bargaining agreements. *Id*. The employee trust funds contended that § 1113(f) covered these claims and afforded them super-priority status. *Id*. Both the bankruptcy and district courts held that § 1113(f) has no applicability to a chapter 7 proceeding.

Upon appeal to the Ninth Circuit Court of Appeals, the court began its discussion with the background of § 1113, noting that:

> Congress enacted section 1113 of the Bankruptcy Code in response to the Supreme Court decision in *NLRB v. Bildisco*, 465 U.S. 513, 104 S. Ct. 1188, 79 L.Ed.2d 482 (1984). In *Bildisco*, the Court held that a Chapter 11 debtor-in-possession could unilaterally reject a collective bargaining agreement. Unhappy with this result, Congress enacted § 1113 which imposes several procedural requirements that trustees and debtors must follow in order to reject a collective bargaining agreement. These requirements include meeting with the employees' authorized representative, conferring in good faith with that representative in an attempt to reach mutually satisfactory modifications of the agreement, and obtaining court approval of any rejection of the agreement if the balance of the equities clearly favors rejection.

*Id*. at 1066. After considering plain language arguments from both parties supporting their respective theories of construction of § 1113, the *Rufener* court concluded:

---

[6](...continued)
I, II, and III of chapter 11 of this title apply only in a case under such chapter." Section 1113 is in subchapter I of chapter 11. The exception for § 901 pertains to certain provisions of chapter 11 that are applicable to cases filed under chapter 9, which deals with debts of a municipality, and does not reference § 1113.

6

>Reading § 1113 as a whole, without simply focusing on § 1113(f), it is clear that its provisions do not apply to Chapter 7 proceedings. First, the language of the provisions embraces concepts incompatible with Chapter 7 proceedings. Subsection (a) describes a "trustee" as used in § 1113 as one that "has been appointed under the provisions of this chapter" – i.e., a Chapter 11 trustee. Moreover, subsections (a) through (e), make explicit reference to the "debtor in possession," a concept of Chapter 11 and not Chapter 7.
>
>Second, the procedural requirements imposed by § 1113 appear ill-suited to a liquidation proceeding. Many of the provisions of the section are premised on the notion that the company is still conducting business. The section regulates the manner in which collective bargaining agreements may be implemented, modified, or terminated during the period of reorganization – a period in which the active business of the debtor proceeds apace. Chapter 11 proceedings ordinarily involve companies that plan to continue operations, and the bankruptcy code provides them with a limited amount of protection from creditors so that they can reorganize operations and become once more a viable business entity. In contrast, petitions filed under Chapter 7 are usually for the purposes of liquidation. Ordinarily, the company has ceased operations, and all of its remaining assets will be distributed to debtors on a pro rata basis subject to statutory priority requirements. With few exceptions, companies in Chapter 7 bankruptcy are not engaging in operations to which the terms of collective bargaining agreements would be relevant, and little purpose would be served by the debtor's complying with the requirements of § 1113.

*Id.* at 1067.

This court believes that the *Rufener* decision is well reasoned and finds nothing in *Unimet* that would compel a contrary result. The focus of the *Unimet* court was on the reorganization scheme of chapter 11:

>[O]ur reading of 11 U.S.C. § 1113 leads us to the conclusion that Congress intended to give broad protection to collectively bargained for rights which are threatened by a corporate reorganization under Chapter 11 of the Bankruptcy Code. Our conclusion that 11 U.S.C. § 1113 applies to all provisions of a collective bargaining agreement does no violence to the plain language of the statute or the legislative history as we perceive it. By requiring the debtor-in-possession to establish that the equities militate in favor of rejection of the benefits collectively bargained for on behalf of retirees, we believe we strike the appropriate balance between the interests of the debtor-in-possession in effectuating a reorganization and the interests of retirees who have achieved through the collective bargaining process some measure of security.

*Id.* at 885-86; *see also In re Fulton Bellows & Components*, 307 B.R. 896, 900 (Bankr. E.D. Tenn. 2004) (the purpose of § 1113 is "to encourage collective bargaining and create[] an expedited form of collective bargaining with a number of safeguards designated to [e]nsure that lawyers cannot use

Chapter 11 solely to rid themselves of unions, but only propose modifications that are truly necessary for the company's survival.") (quoting *In re Garofalo's Finer Foods, Inc.*, 117 B.R. 363, 370 (Bankr. N.D. Ill. 1990)).

There is simply no language in *Unimet* which suggests that § 1113(f)'s statutory exception to the general requirement that administrative expense status is limited to post-petition claims should be extended to the chapter 7 context. Moreover, the Sixth Circuit Court of Appeals have cautioned that "[s]ection 503 priorities [which include administrative expenses] should be narrowly construed in order to maximize the value of the estate preserved for the benefit of all creditors." *In re United Trucking Serv., Inc.*, 851 F.2d 159, 164 (6th Cir. 1988); *see also Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 126 S. Ct. 2105, 2116 (2006) ("Priorities under the [Bankruptcy] Code are to be narrowly construed.") (citations omitted).

### III.

Based on the foregoing, the Trustee's objections must be sustained. An order will be entered in accordance with this memorandum opinion denying the UFCW's amended motions to designate pre-petition obligations for health insurance benefits and for vacation pay for hourly employees as administrative expenses.

# # #